Dan R. Waite, Bar No. 4078
DWaite@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:  702.949.8200
Fax: 702.949.8398

Greg C. Noschese  (Texas State Bar No.: 797164)
*(Pro Hac Vice Forthcoming)*
Natalie A. Sears (Texas State Bar No.: 24098400)
*(Pro Hac Vice Forthcoming)*
**MUNSCH HARDT KOPF & HARR, PC**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Tel: (214) 855-7500
Fax: (214) 855-7584
gnoschese@munsch.com
nsears@munsch.com

*Attorney for Colliers International North Texas, LLC, Robert M. Acuff, Thomas Lee Sutherland, Steve Everbach and Colliers Nevada, LLC*

# UNITED STATES DISTRICT COURT

## THE DISTRICT OF NEVADA

| | |
|---|---|
| SOMERSET AT SAHARA, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>COLLIERS INTERNATIONAL NORTH TEXAS, LLC, a Texas Limited Liability Company; ROBERT M. ACUFF, an individual, THOMAS L. SUTHERLAND, an individual; COLLIERS NEVADA, LLC,  a Nevada Limited Liability Company; STEVE EVERBACH, an individual; HEALTHMEDICA, INC., a California Corporation; UNIFUND, INC., a California Corporation; SAN FRANCISCO MEDICAL INSTITUTE, INC., a California Corporation; NATHAN SASSOVER, an individual; FLOORESCENCE, INC., a California corporation; DOE INDIVIDUALS 1 through 40; DOE EMPLOYEES 1 through 40; DOE COMMERCIAL REAL ESTATE BROKERS 1 through 40; and ROE CORPORATIONS 1 through 40; DOE NEGLIGENT EMPLOYERS | Case No.:<br><br>**NOTICE OF REMOVAL BY DEFENDANTS COLLIERS INTERNATIONAL NORTH TEXAS, LLC, ROBERT M. ACUFF, THOMAS L. SUTHERLAND, COLLIERS NEVADA, LLC AND STEVE EVERBACH** |

117164616.1

1 through 40; DOE NEGLIGENT EMPLOYEES 1 through 40; ROE NEGLIGENT COMMERCIAL REAL ESTATE BROKERS 1 through 40.

Defendants.

**TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

Pursuant to 28 U.S.C. § 1446, Defendants Colliers International North Texas, LLC ("Colliers Texas"), Robert M. Acuff ("Acuff"), Thomas L. Sutherland ("Sutherland"), Defendants Colliers Nevada, LLC ("Colliers Nevada") and Steve Everbach ("Everbach") (collectively, "Colliers Defendants") file this Notice of Removal of a state court action styled *Somerset at Sahara, LLC* v. *Colliers International North Texas, LLC; Robert M. Acuff; Thomas L. Sutherland; Colliers Nevada, LLC; Steve Everbach; Healthmedica, Inc.; Unifund, Inc.; San Francisco Medical Institute, Inc.; Nathan Sassover; Floorescence, Inc.; Doe Individuals 1 through 40; Doe Employees 1 through 40; Doe Commercial Real Estate Brokers 1 through 40; and Roe Corporations 1 through 40; Doe Negligent Employers 1 through 40; Doe Negligent Employees 1 through 40; Roe Negligent Commercial Real Estate Brokers 1 through 40* (collectively "Defendants"), Case No. A-22-847910-B (the "State Court Action"), from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada. In support of this Notice of Removal, the Colliers Defendants submit the following:

### I. SUMMARY

This case is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) the parties are citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Venue properly lies in the United States District Court for the District of Nevada because the State Court Action is pending in the State of Nevada, Eighth Judicial District Court of Clark County and the United States District Court for the District of Nevada is the federal judicial district whose jurisdiction comprises Clark County. *See* 28 U.S.C. § 124(a)(1), 1441(a), 1446(a).

On February 7, 2022, Plaintiff Somerset at Sahara, LLC ("Plaintiff") filed the State Court Action against Defendants in the District Court of Clark County, Nevada. *See* **Exhibit A**.

117164616.1

Defendant Colliers Texas was served with summons and a copy of Plaintiff's Complaint and Demand for Jury Trial on February 24, 2022. *See* **Exhibit B**.

Defendant Colliers Nevada was served with summons and a copy of Plaintiff's Complaint and Demand for Jury Trial on February 25, 2022. *See* **Exhibit C**.

Defendant Everbach was served with summons and a copy of Plaintiff's Complaint and Demand for Jury Trial on February 28, 2022. *See* **Exhibit D**.

Defendant Sutherland was served with summons and a copy of Plaintiff's Complaint and Demand for Jury Trial on March 2, 2022. *See* **Exhibit E**.

Defendant Acuff was served with summons and a copy of Plaintiff's Complaint and Demand for Jury Trial on March 17, 2022. *See* **Exhibit F**.

As of the date of this filing, the State Court Action's docket does not reflect that Defendants Healthmedica, Inc.; Unifund, Inc.; San Francisco Medical Institute, Inc.; Nathan Sassover; or Floorescence, Inc. have been served. Thus, upon information and belief, they have not been served and their consent is not required for removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## II.   BASIS FOR REMOVAL

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Nevada while none of the Defendants are citizens of Nevada, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Therefore, removal is proper.

Specifically, according to Plaintiff's Complaint, Plaintiff is a Nevada limited liability company with its principal place of business in Nevada. *See* **Exhibit A**, ¶ 1. After extensive research of available records, including the Nevada Secretary of State, the only identifying officer and/or member information found for Plaintiff is Marco R. Barbieri, who is an individual resident of Nevada. Based on records identified, Mr. Barbieri's residence is 1104 Salem Rose Court, Las Vegas, Nevada 89144-1665. Accordingly, upon information and belief and for the purpose of diversity jurisdiction, Plaintiff is a citizen of Nevada. *Johnson v. Columbia Props. Anchorage, LP*,

437 F.3d 894 (9th Cir. 2006) (holding that for diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members).

Defendant Colliers International North Texas, LLC is a limited liability company whose sole member is Colliers International WA, LLC. Colliers International WA, LLC is a limited liability company whose sole member is CI Holdings (USA), LLC. CI Holdings (USA), LLC is a limited liability company whose sole member is Colliers International USA, LLC. Colliers International USA, LLC is a limited liability company whose sole member is Colliers International Holdings (USA), Inc. Colliers International Holdings (USA), Inc. is a Delaware corporation with its principal place of business located at 601 Union Street, Suite 5300, Seattle, Washington 98101. Accordingly, for the purpose of diversity jurisdiction, Defendant Colliers International North Texas, LLC is a citizen of Delaware and Washington. *Id*.

Defendant Colliers Nevada, LLC is a limited liability company whose sole member is Colliers Parrish International, Inc. Colliers Parrish International, Inc. is a California corporation with its principal place of business located at 225 West Santa Clara Street, 10th Floor, Suite 1000, San Jose, California 95113. Accordingly, for the purpose of diversity jurisdiction, Defendant Colliers Nevada, LLC is a citizen of California. *Id*.

Defendant Robert M. Acuff is an individual and a resident of the State of Texas. Accordingly, for the purpose of diversity jurisdiction, Defendant Robert M. Acuff is a citizen of Texas.

Defendant Thomas Lee Sutherland is an individual and a resident of the State of Texas. Accordingly, for the purpose of diversity jurisdiction, Defendant Thomas Lee Sutherland is a citizen of Texas.

Defendant Steve Everbach is an individual and a resident of the State of Texas. Accordingly, for the purpose of diversity jurisdiction, Defendant Steve Everbach is a citizen of Texas.

Based on records issued by the California Secretary of State and upon information and belief, Defendant Healthmedica, Inc. is a California corporation with its principal place of business

- 4 -

117164616.1

located at 22 Battery Street, Suite 510, San Francisco, California 94111.  Accordingly, for the purpose of diversity jurisdiction, Defendant Healthmedica, Inc. is a citizen of California.

Based on records issued by the California Secretary of State and upon information and belief, Defendant Unifund, Inc. is a California corporation with its principal place of business located at 22 Battery Street, Suite 510, San Francisco, California 94111.  Accordingly, for the purpose of diversity jurisdiction, Defendant Unifund, Inc. is a citizen of California.

Based on records issued by the California Secretary of State and upon information and belief, Defendant San Francisco Medical Institute, Inc. is a California corporation with its principal place of business located at 22 Battery Street, Suite 510, San Francisco, California 94111.  Accordingly, for the purpose of diversity jurisdiction, Defendant San Francisco Medical Institute, Inc. is a citizen of California.

After extensive research of available records and upon information and belief, Defendant Nathan Sassover is an individual and a resident of California.  Accordingly, for the purpose of diversity jurisdiction and upon information and belief, Defendant Nathan Sassover is a citizen of California.

Based on records issued by the California Secretary of State and upon information and belief, Defendant Floorescence, Inc. is a California corporation with is principal place of business located at 22 Battery Street, Suite 510, San Francisco, California 94111.  Accordingly, for the purpose of diversity jurisdiction, Defendant Floorescence, Inc. is a citizen of California.

The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts eleven causes of action against the Colliers Defendants for (i) fraudulent misrepresentation; (ii) negligent misrepresentation; (iii) civil conspiracy; (iv) civil racketeering (RICO); (v) aiding and abetting; (vi) alleged violation of Tex. Bus. & Comm. Code § 27.01(d); (vii) negligence; (viii) vicarious liability/respondeat superior; (ix) alleged violation of Nevada's Deceptive Trade Practices Act § 598.0915, et. seq.; (x) conversion; and (xi) concert of action.  *See* **Exhibit A**, ¶¶ 38-130, as well as two additional causes of action against other Defendants.

117164616.1

Plaintiff's Complaint makes a demand for damages "in excess of $15,000" pursuant to applicable Nevada state law. *See* Exhibit A, ¶¶ 44, 45, 51, 52, 63, 64, 79, 85, 86, 94, 95, 101, 102, 109, 110, 117, 118, 123, 124, 128, 129, 136, 142, 146, 152.  Specifically, Nevada Rule of Civil Procedure 8(a)(4) requires a pleading to contain certain statements depending on the type and amount of relief sought.  "[I]f the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."  NRCP 8(a)(4).  Thus, the amount in controversy may be asserted by this notice pursuant to 28 U.S.C. § 1446 because Plaintiff's Complaint seeks a money judgment and "State practice…permits recovery of damages in excess of the amount demanded."

Additionally, Plaintiff's Complaint seeks reimbursement of "broker commissions" and tenant improvements totaling $175,000 (Exhibit A, ¶¶ 15 and 121), as well as other damages allegedly caused by Defendants with respect to a commercial lease signed by Plaintiff and certain Defendants.  Plaintiff also seeks attorneys' fees incurred in this litigation.  (Exhibit A, p. 26).

Accordingly, the State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a). The United States District Court for the District of Nevada presides over the district and division where the State Court Action was filed (Clark County, Nevada), and, therefore, is the proper court to which this action should be removed pursuant to 28 U.S.C. § 1441(a).

### III.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after the date on which the Colliers Defendants were served with the State Court Action.  This Notice of Removal has also been filed within one year of the filing of Plaintiffs' Complaint by which the State Court Action was commenced.

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be served upon Plaintiff's counsel and a true and correct copy of this notice will be filed with the clerk in the State Action.

- 6 -

117164616.1

Pursuant to 28 U.S.C. § 1446(a), the Colliers Defendants include the following with this Notice of Removal: (a) a copy of the docket sheet in the State Court Action; (b) a copy of each document filed in the State Court Action; and (c) a separately filed Supplemental Civil Cover Sheet for Cases Removed from State Court. *See* **Exhibits G and H**.

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel of record and filed with the clerk of the State District Court of Clark County, Nevada. A true and correct copy of the filed Notice of Filing of Notice of Removal is attached hereto as **Exhibit I** and incorporated herein by reference.

By filing this Notice of Removal, the Colliers Defendants do not waive any defenses available to them at law, in equity, or otherwise.

## VI.   CONCLUSION

WHEREFORE, Defendants Colliers International North Texas, LLC; Robert M. Acuff; Thomas L. Sutherland; Colliers Nevada, LLC; and Steve Everbach remove the State Court Action to this Court based on 28 U.S.C. § 1332(a), and pray that this Court exercise jurisdiction over this matter to its conclusion and final judgment in accordance with applicable law.

DATED this 17th day of March, 2022.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: */s/ Dan R. Waite*
Dan R. Waite, Bar No. 4078
DWaite@lewisroca.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

Greg C. Noschese  (Texas State Bar No.: 797164)
*(Pro Hac Vice Forthcoming)*
Natalie A. Sears (Texas State Bar No.: 24098400)
*(Pro Hac Vice Forthcoming)*
**MUNSCH HARDT KOPF & HARR, PC**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
gnoschese@munsch.com
nsears@munsch.com

*Attorney for Colliers International North Texas, LLC, Robert M. Acuff, Thomas Lee Sutherland, Steve Everbach and Colliers Nevada, LLC*

117164616.1

# CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that I caused a true and correct copy of the foregoing ***"NOTICE OF REMOVAL BY DEFENDANTS COLLIERS INTERNATIONAL NORTH TEXAS, LLC; ROBERT M. ACUFF; THOMAS L. SUTHERLAND; COLLIERS NEVADA, LLC; AND STEVE EVERBACH"*** to be E-filed and served through the Court's e-filing and serving system on Plaintiff's counsel of record.

Robert T. Eglet, Esq.
Nevada Bar No. 3402
Tracy A. Eglet, Esq.
Nevada Bar No. 6419
Danielle C. Miller, Esq.
Nevada Bar No. 9127
**EGLET ADAMS**
400 South 7th Street, #400
Las Vegas, Nevada 89101
eservice@egletlaw.com

-and-

David A. Carroll, Esq.
Nevada Bar No. 7643
Anthony J. DiRaimondo, Esq.
Nevada Bar No. 10875
Robert E. Opdyke, Esq.
Nevada Bar No. 12841
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169

*Attorneys for Plaintiff*

DATED this 17th day of March, 2022.

*/s/ Luz Horvath*
an employee of Lewis Roca Rothgerber Christie LLP

117164616.1