Dan R. Waite, Bar No. 4078
DWaite@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

Greg C. Noschese (Texas State Bar No.: 797164)
*(Admitted Pro Hac Vice)*
Natalie A. Sears (Texas State Bar No.: 24098400)
*(Admitted Pro Hac Vice)*
**MUNSCH HARDT KOPF & HARR, PC**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Tel: (214) 855-7500
Fax: (214) 855-7584
gnoschese@munsch.com
nsears@munsch.com

*Attorneys for Colliers International North Texas, LLC, Robert M. Acuff, Thomas Lee Sutherland, Steve Everbach and Colliers Nevada, LLC*

**UNITED STATES DISTRICT COURT**

**THE DISTRICT OF NEVADA**

| | |
|---|---|
| SOMERSET AT SAHARA, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>COLLIERS INTERNATIONAL NORTH TEXAS, LLC, a Texas Limited Liability Company; ROBERT M. ACUFF, an individual, THOMAS L. SUTHERLAND, an individual; COLLIERS NEVADA, LLC, a Nevada Limited Liability Company; STEVE EVERBACH, an individual; HEALTHMEDICA, INC., a California Corporation; UNIFUND, INC., a California Corporation; SAN FRANCISCO MEDICAL INSTITUTE, INC., a California Corporation; NATHAN SASSOVER, an individual; FLOORESCENCE, INC., a California corporation; DOE INDIVIDUALS 1 through 40; DOE EMPLOYEES 1 through 40; DOE COMMERCIAL REAL ESTATE BROKERS 1 through 40; and ROE CORPORATIONS 1 through 40; DOE NEGLIGENT EMPLOYERS 1 through 40; DOE NEGLIGENT EMPLOYEES 1 through | Case No. 2:22-cv-00486-JCM-NJK<br><br>**DEFENDANTS COLLIERS INTERNATIONAL NORTH TEXAS, LLC, ROBERT M. ACUFF, THOMAS L. SUTHERLAND AND COLLIERS NEVADA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

117665320.1

40; ROE NEGLIGENT COMMERCIAL REAL ESTATE BROKERS 1 through 40.

Defendants.

Defendants Colliers International North Texas, LLC ("Colliers Texas"), Colliers Nevada, LLC ("Colliers Nevada"), Robert M. Acuff ("Acuff") and Thomas L. Sutherland ("Sutherland") (collectively, "Colliers Defendants"), submit this reply in support of their Motion to Dismiss [ECF No. 9] Plaintiff Somerset at Sahara, LLC's ("Plaintiff") claims against them for failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6).

**MEMORANDUM OF POINTS OF AUTHORITIES**

**I.   INTRODUCTION**

The Colliers Defendants move to dismiss Plaintiff's claims because Plaintiff has failed to state a claim upon which relief can be granted for various reasons. First, all but one of Plaintiff's claims are entirely barred by the applicable statutes of limitations and neither the discovery rule nor equitable tolling principles apply. Plaintiff had knowledge supporting its claims and precise damages amounts no later than September 22, 2017—the date Plaintiff evicted Defendants Healthmedica, Inc. and Unifund, Inc. from the leased premises following their default. Because all but one of Plaintiff's claims have statutes of limitations ranging from two to four years, Plaintiff has failed to state a claim upon which relief can be granted as to those claims.

Additionally, Plaintiff has failed to sufficiently plead its causes of action grounded in fraud pursuant to Federal Rule of Civil Procedure 9(b) by lumping undefined "Defendants" together in its Complaint and failing to sufficiently identify the "who, what, when and where" required to prosecute its claims for fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, civil racketeering, and alleged violation of the Nevada Deceptive Trade Practices Act. Plaintiff's contention that *all* "Defendants" took the same actions and made the same representations is without merit and fails to provide the Colliers

Defendants (as well as all other defendants) notice of the particular misconduct alleged.

Finally, Plaintiff erroneously seeks to adjudicate an alleged violation of a Texas statute that has no extraterritorial effect, but failed to address its right to do so within its Opposition to the Colliers' Defendants' Motion to Dismiss. Thus, Plaintiff cannot challenge the Colliers' Defendants claim in this regard.

For these reasons, the Colliers Defendants respectfully request the Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ARGUMENT AND AUTHORITIES

### A. All but one of Plaintiff's Claims Against the Colliers Defendants Should be Dismissed Because They are Barred by the Applicable Statute of Limitations.

#### i. *The Discovery Rule Does not Apply.*

The discovery rule does not apply to Plaintiff's claims in this case because the face of the Complaint demonstrates Plaintiff knew it was injured as of September 2017 and even took efforts to mitigate its damages by evicting Healthmedica, Inc. and Unifund, Inc. (collectively, the "HM Tenants") from the Leased Premises. *See* Complaint, ¶ 23. Specifically, the Complaint alleges Plaintiff and the HM Tenants signed the Lease in 2016. *See* Complaint, ¶ 18; Exhibit A. The Complaint further alleges the HM Tenants subsequently "defaulted on [their] obligations under the Lease by failing to pay rent and [were] subsequently evicted from the Somerset Leased Premises on or about September 22, 2017." *See* Complaint, ¶ 23. Thus, under Nevada law, Plaintiff's claims began to accrue no later than September 22, 2017—the date Plaintiff knew it was injured and knew of facts that would lead an ordinarily prudent person to investigate the matter further. *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012).

As conceded by Plaintiff, dismissal based on an expired statute of limitations is appropriate where the evidence demonstrates plaintiff discovered or should have discovered facts giving rise to the cause of action. *Vela v. Murphy*, No. 3:04-CV-00491-LRH (VPC), 2006 U.S. Dist. LEXIS 110819, at *5 (D. Nev. 2006). Plaintiff's Complaint admits Plaintiff was aware of the HM Tenants' default and the amount of damages it claims to have suffered

117665320.1

as a result—*the same damages for which it seeks recovery in this case*—no later than September 22, 2017.  *See* Complaint, ¶ 23.  However, Plaintiff erroneously contends its claims cannot be subject to dismissal because Plaintiff was not aware of lawsuits similar to the one filed by Plaintiff until last year.  Plaintiff's position is contrary to Nevada law.  The applicable test for determining when a cause of action accrued is based on "when the misconduct occurs and the party receives injury," not when a plaintiff discovers other parties have been allegedly harmed in a similar way.  *See Vela*, 2006 U.S. Dist. LEXIS 110819, at *5.  Thus, by failing to investigate or otherwise pursue its claims against the Defendants for almost five years, Plaintiff has failed to exercise the due diligence required of a plaintiff.  *Id*.

Additionally, Plaintiff contends the Colliers Defendants' Motion to Dismiss is without merit because Plaintiff's Civil Racketeering claim has a five-year statute of limitations and is therefore not subject to dismissal based on this ground.  *See* Response, ¶ 14.  However, the Colliers Defendants conceded this fact in its Motion to Dismiss, admitting all but one of Plaintiff's claims can survive while the rest must be dismissed.  *See* Motion to Dismiss, ¶ 8.  Specifically, the following claims have statutes of limitations ranging from two to four years and thus, must be dismissed: (a) negligence; (b) respondeat superior/vicarious liability; (c) violation of Texas Business & Commerce Code § 27.01(D); (d) fraudulent misrepresentation; (e) negligent misrepresentation; (f) conversion; (g) aiding and abetting; (h) violation of Nevada's Deceptive Trade Practices Act; (i) civil conspiracy; and (j) concert of action.

Accordingly, Plaintiff has failed to state a claim for which relief may be granted as to these ten causes of action and they should be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6).

### ii.  *The Doctrine of Equitable Tolling Does not Apply.*

Plaintiff contends in the alternative the doctrine of equitable tolling applies to extend the applicable statutes of limitations for all of Plaintiff's claims that have expired.  Although Plaintiff correctly lists the factors considered by courts in deciding whether to apply the doctrine of equitable tolling, Plaintiff does not even attempt to address them.  Plaintiff merely

117665320.1

1  contends it did not and could not have reasonably discovered facts giving rise to the claims
2  in this case without providing any explanation. In so arguing, Plaintiff refers the Court to a
3  single statement within the Complaint stating Plaintiff did not learn of lawsuits similar to this
4  one until July 2021 and thus, equitable tolling should apply. However, the doctrine of
5  equitable tolling is not invoked simply because a party fails to investigate its own claims. In
6  fact, a court will not apply the doctrine of equitable tolling unless it is shown Plaintiff
7  exercised diligence in investigating its claims or bringing its lawsuit. *Fausto v. Sanchez-*
8  *Flores*, 137 Nev. Adv. Op. 11, 482 P.3d 677, 681 (Nev. 2021).

9   Additionally, the Nevada Supreme Court has recently stated "plaintiffs seeking
10 equitable tolling 'must demonstrate that, despite their exercise of diligence, ***extraordinary***
11 ***circumstances beyond their control prevented them from timely filing their claims***.'"
12 *Salloum v. Boyd Gaming Corp.*, 137 Nev. Adv. Op. 56, 495 P.3d 513, 518 (Nev.
13 2021)(emphasis added) (quoting *Fausto v. Sanchez-Flores*, 137 Nev., Adv. Op. 11, 482 P.3d
14 677, 681 (Nev. 2021)). The focus of equitable tolling is "whether there was excusable delay
15 by the plaintiff." *Fausto v. Sanchez-Flores*, 137 Nev. Adv. Op. 11, 482 P.3d 677, 682 (Nev.
16 2021). Plaintiff has not made such a showing.

17  As stated above, Plaintiff discovered facts sufficient to file the instant lawsuit no later
18 than September 22, 2017. The fact Plaintiff waited to file this lawsuit until after the statute
19 of limitations expired as to nearly all of its claims cannot be attributed to any actions or
20 omissions of the Colliers Defendants. It is certainly not a legally sufficient reason to
21 equitably toll the statutes of limitations applicable to Plaintiff's claims nor does it constitute
22 "extraordinary circumstances" necessary for this doctrine to apply. *Salloum*, 495 P.3d at
23 518.

24 **B.   Plaintiff Has Not Addressed its Erroneous Claim for Violation of Tex. Bus. & Comm. Code § 27.01(d) and Thus, it Should be Dismissed.**

25  Plaintiff has asserted a claim against Colliers Texas, Acuff, Sutherland and Everbach
26 for alleged violation of a Texas statute—Texas Business & Commerce Code § 27.01(d). *See*
27 Complaint, ¶¶ 89 – 96. However, Plaintiff's claim in this regard fails as a matter of law
28 because state statutes have no extraterritorial effect and Plaintiff's Response fails to address

or offer any support showing otherwise. Therefore, this Court should dismiss Plaintiff's claim against Colliers Texas, Acuff and Sutherland for alleged violation of Texas Business & Commerce Code § 27.01(d) because Plaintiff has failed to state a claim upon which relief can be granted.

### C. Plaintiff Fails to Allege Fraudulent Misrepresentation, Negligent Misrepresentation, Civil Conspiracy, Civil Racketeering, and Alleged Violation of the Nevada Deceptive Trade Practices Act Pursuant to Federal Rule of Civil Procedure 9(b).

Plaintiff's Complaint has failed to satisfy the heightened pleading standard required of Federal Rule of Civil Procedure 9(b), which requires Plaintiff to "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Produs., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Plaintiff has impermissibly taken the "everyone did everything" approach in lumping all of the defendants together when making certain allegations as to representations and actions taken during lease negotiations with Plaintiff. However, a plaintiff cannot simply "lump multiple defendants together" in asserting such claims. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *see also Strategic Income Fund, LLC v. Spear. Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Plaintiff erroneously contends its Complaint "sufficiently pleads the time and specific content of the false representations and the identifies of the parties to the misrepresentation." *See* Response, ¶ 19. In support of this proposition, however, Plaintiff cites to paragraphs within the Complaint that *do not specifically identify anyone* other than undefined "Defendants." Such allegations are insufficient under applicable law and do not provide the "who, what, when, where and how" of the conduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). For example, Plaintiff contends the following statement is sufficient: "For example, on or about April 2017, Defendants represented that Plaintiff Somerset 'should not doubt HealthMedica's financial potential' and encouraged Somerset to make a proposal based on HealthMedica's strong 'financial potential.'" *See* Response, ¶ 19. Despite quoting specific statements allegedly made by one or some of the defendants,

117665320.1

Plaintiff fails to identify *who* made the subject statements and similarly fails to identify *which of the defendants* "encouraged" Plaintiff to make the proposal. Plaintiff should be able to identify the specific defendants allegedly liable for this conduct and purported "encouragement."

Notably, Plaintiff admits its Complaint lumps all "Defendants" together with regard to certain allegations. *See* Response, ¶ 14. However, Plaintiff defends its allegations by claiming they "are grouped together because ***all*** the defendants made ***all the same*** representations as Defendants were acting in concert and conspired together." *See* Response, ¶ 14. Plaintiff's contention has no merit. The Ninth Circuit has held, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant…and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998). Additionally, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id*. Plaintiff has failed to make such a showing.

Plaintiff's erroneous contention that all undefined "Defendants," which conceivably include unnamed individuals and entities, made the same representations and the same actions cannot be true for several reasons. First, Everbach had no direct involvement or communications with Plaintiff during lease negotiations and Plaintiff has not alleged otherwise. Additionally, Defendant Healthmedica was Plaintiff's tenant and thus, communicated with Plaintiff in a different capacity than anyone at Colliers Texas. It is illogical to conclude all of the "Defendants" could have made the exact same statements to Plaintiff. Additionally, to the extent Plaintiff contends the statements can be attributed to each other as part of a conspiracy, Plaintiff misstates the heightened pleading standards that equally apply to conspiracy claims. *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1020-21 (D. Ariz. 2001).

117665320.1

For the foregoing reasons, Plaintiff failed to state its claims for fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, civil racketeering, and alleged violation of the Nevada Deceptive Trade Practices Act with particularity and dismissal is therefore required.

### D. Plaintiff Improperly Attaches Documents Outside the Complaint in Support of its Response.

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may only consider the allegations contained in the pleadings, exhibits attached to the complaint, documents incorporated by reference in the complaint and matters properly subject to judicial notice. *Kizer v. PTP, Inc.*, 129 F. Supp. 3d 1000 (D. Nev. 2015). Plaintiff improperly attached seven exhibits to its Response, which include a third-party contract and several e-mails exchanged between Colliers Texas employees. None of these documents were attached to Plaintiff's Complaint nor incorporated therein. As a result, the Court cannot consider them in ruling on the Colliers' Defendants' Motion to Dismiss. *Id*.

### IV. CONCLUSION

For these reasons, the Court should dismiss with prejudice, and without leave to amend, the Complaint in its entirety as against the Colliers Defendants for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 11th day of May, 2022.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: /s/ *Dan R. Waite*
Dan R. Waite, Bar No. 4078
DWaite@lewisroca.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Greg C. Noschese (Texas State Bar No.: 797164)
*(Admitted Pro Hac Vice)*
Natalie A. Sears (Texas State Bar No.: 24098400)
*(Admitted Pro Hac Vice)*
**MUNSCH HARDT KOPF & HARR, PC**
500 N. Akard Street, Suite 3800
Dallas, TX 75201

*Attorneys for Colliers International North Texas, LLC, Robert M. Acuff, Thomas Lee Sutherland, Steve Everbach and Colliers Nevada, LLC*

117665320.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2022, I caused a true and accurate copy of the foregoing document entitled ***"DEFENDANT COLLIERS INTERNATIONAL NORTH TEXAS, LLC, ROBERT M. ACUFF, THOMAS L. SUTHERLAND AND COLLIERS NEVADA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)"*** to be filed with the Clerk of the Court via the CM/ECF system, which will send an electronic copy to all interested parties.

David A. Carroll, Esq.
Anthony J. DiRaimondo, Esq.
Robert E. Opdyke, Esq.
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169

Robert T. Eglet, Esq.
Tracy A. Eglet, Esq.
Danielle C. Miller, Esq.
**EGLET ADAMS**
400 South 7th Street, #400
Las Vegas, Nevada 89101

          */s/ Luz Horvath*
An employee of Lewis Roca Rothgerber Christie LLP

117665320.1